# United States District Court
# Central District of California

MGA Entertainment, Inc., et al.,

    Plaintiff,

v.

Dynacraft BSC, Inc., et al.,

    Defendants.

Case No. 2:17-cv-08222-ODW-KS

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS COUNTS 1, 3, 4, 7, 8, 11, AND 12 [35]**

## I. INTRODUCTION

On November 10, 2017, Plaintiffs MGA Entertainment, Inc. and The Little Tikes Company (collectively "MGA") filed this action against Defendants Dynacraft BSC, Inc. ("Dynacraft"); Freshdeals2112; Honeydukessweetshop; The_House; Theroyalflush, and DOES 1-10 (collectively "Defendants") for various federal and California trademark infringement claims. (*See generally* Compl., ECF No. 1.) MGA identifies four of the defendants (Freshdeals2112; Honeydukessweetshop; The_House; and Theroyalflush) by their URL, and eBay merchant name because it has not yet discovered the true identity of these defendants (hereinafter the "Ebay Defendants").

On November 13, 2017, MGA filed a First Amended Complaint ("FAC"). (FAC, ECF No. 6.) On January 8, 2018, Dynacraft moved to dismiss MGA's FAC

1 (ECF No. 14), and MGA conceded that there were deficiencies with its FAC. (ECF
No. 27.) The Court granted Dynacraft's Motion to Dismiss, with leave to amend, on
January 16, 2018. (ECF No. 28.) On February 9, 2018, Plaintiffs filed a Second
Amended Complaint ("SAC"). (ECF No. 32.) Before the Court is Dynacraft's
Motion to Dismiss MGA's SAC. (Mot., ECF No. 35.) For the reasons below, the
Court **GRANTS IN PART** Dynacraft's Motion to Dismiss, **with leave to amend, as set forth below**.[1]

## II. FACTUAL BACKGROUND

MGA's claims arise from Dynacraft's manufacturing of its "Disney Princess Preschool Carriage." (SAC ¶ 27.) MGA asserts valid, registered trademarks, which remain in full force and effect—U.S. Registration No. 1,438,168 for the words COZY COUPE for "ride-on toys" (the "Cozy Coupe Mark") and U.S. Registration Nos. 4,688,321 and 4,824,946 (collectively, the "Design Marks"):



| Reg. No. 4,688,321 | Reg. No. 4,824,946 |
|---|---|
| For "ride-on toys" | For "ride-on toys" |

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

| "The mark consists of a stylized face on the front of a child's riding vehicle including a pair of eyes located partially above the upper front surface of the vehicle body. The broken line outlining is to show the position or placement of the mark on the goods. The outlining and the shape of the vehicle are not claimed as part of the mark." | "The color(s) red and yellow is/are claimed as a feature of the mark. The mark consists of a three-dimensional configuration of a child's riding vehicle consisting of a red body of the vehicle and a yellow roof with four yellow pillars supporting the roof. [The mark excludes the features shown in dotted lines]." |
|---|---|

(SAC Ex. 1, ECF No. 32-1.)

Dynacraft manufactures and distributes the infringing product, the Disney Princess Preschool Carriage, pictured below left, which is a non-motorized, smaller version of Dynacraft's motorized Princess Carriage sold previously, pictured below right.



(Mot. 5.) Dynacraft's product is not a Cozy Coupe product and has no association with MGA's Cozy Coupe products. (Opp'n 1, ECF No. 38.)

3

MGA alleges that Dynacraft intentionally manufactured its Disney Princess Preschool Carriage to look confusingly similar to MGA's Cozy Coupe products. (SAC ¶ 27.) Defendants also arranged for advertisements on the internet applying MGA's Cozy Coupe Mark to Dynacraft products. (*Id.*) MGA further alleges that Dynacraft conspired with www.walmart.com, www.ebay.com, toysrus.com, Ebay Defendants, and Doe Defendants 1-10, to produce a product that could be confused for the Cozy Coupe. (SAC ¶¶ 27–32.)

MGA's alleges claims for: Trademark Counterfeiting, 15 U.S.C. § 1114 (Count 1); False Designation of Origin, 15 U.S.C. § 1125(a) (Count 2); False or Misleading Description or Misrepresentation of Fact, 15 U.S.C. § 1125(a) (Count 3); Federal Trademark Dilution, 15 U.S.C. § 1125(c) (Count 4); Federal Unfair Competition, 15 U.S.C. § 1125(c) (Count 5); State Unfair Competition, California Business & Professional Code § 17200 et. seq. (Count 6); State False and Misleading Statements, California Business & Professional Code § 17500 (Count 7); State Law Trademark Dilution, California Business & Professional Code § 14247 (Count 8); Common Law Trade Dress Infringement (Count 9); Common Law "Passing Off" (Count 10); Civil Conspiracy (Count 11); and Conspiracy to Commit Trademark Counterfeiting, 18 U.S.C. § 2320, 15 U.S.C. § 1114, 1125(a), and 1125(c), and 18 U.S.C. § 371 (Count 12). (*See generally* SAC.)

Dynacraft now moves to dismiss counts 1, 3, 4, 7, 8, 11, and 12, on several grounds. (*See* Mot.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to

raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Plaintiffs pleading fraud must do so with heightened particularity. *See* Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) establishes that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." The "circumstances" required by Rule 9(b) are the "who, what, when, when, where, and how" of the fraudulent activity. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Id.* This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

When a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

**IV. DISCUSSION**

**A.    Pleading with Particularity under Rule 9(b)**

Dynacraft argues that the SAC includes five counts that require pleading supporting facts "with particularity" under Rule 9(b). (Mot. 6.) These include Count 1—alleging trademark counterfeiting, Counts 3 and 7—alleging false advertising, and Counts 11 and 12—alleging conspiracy. (*Id*.) MGA argues that Rule 9(b) does not apply to these claims because each of these allegations describes non-fraudulent conduct. (Opp'n 4.) The Court first addresses whether Rule 9(b) applies to these counts.

   1.   *Trademark Counterfeiting (Count 1)*

Dynacraft cites *Tall v. Mukasey* for the proposition that Rule 9(b) applies to MGA's trademark counterfeiting claim (Count 1). 517 F.3d 1115, 1119–20 (9th Cir. 2008) (holding in immigration context that California's criminal trademark counterfeiting statute addresses "an inherently fraudulent crime," which qualified as a "crime involving moral turpitude"). *Mukasey* did not address the federal statute at issue here—15 U.S.C. § 1114. *Id.* Instead, it evaluated whether a violation of California's penal code constituted a crime of moral turpitude under the Immigration and Nationality Act. *Id.* Thus, the *Mukasey* analysis does not persuade the Court that Rule 9(b) applies here.

There is no case in which the heightened standard has been applied to such trademark counterfeiting claims, like MGA's. *See Rolex Watch USA, Inc. v. Agarwal*, No. CV 12-06400 MMM (MRWx), 2012 WL 12886444, at *3 (C.D. Cal. Dec. 17, 2012). "Rather, the authority [the court] has located was to the contrary." *Id*. As one district court in the Second Circuit observed:

> [Defendants] argue that Lanham Act claims necessarily contain some element of fraud, which must be pled with particularity. The Court concludes that this argument is unsupported by case law. No court in this district has ever dismissed a Lanham Act claim for failure to comply with

Rule 9(b), nor has the Second Circuit ever held that it should.

*Indiaweekly.com, LLC v. Nehaflix.com, Inc.*, 596 F.Supp.2d 497, 502 (D. Conn. 2009); *see also Stubbs Collections, Inc. v. Davis*, No. CIV. A. 3–99CV2440–P, 2000 WL 381947, *4 (N.D. Tex. Apr. 14, 2000) (citation omitted) ("A claim of fraud requires not only the making of a false statement but also the intent to defraud the victim. However, likelihood of confusion—the test for infringement under 15 U.S.C. § 1114—does not consider the actor's intent in determining whether infringement has occurred … Therefore, a claim of infringement under 15 U.S.C. § 1114 does not constitute a claim subject to the heightened pleading requirements of Rule 9(b)). Accordingly, the Court evaluates Count 1, pursuant to Rule 8 below.

2. *False Advertising (Counts 3 & 7)*

Dynacraft argues that Rule 9(b) should apply to MGA's false advertising claims under federal and California law because they are grounded in fraud. (Mot. 10–11.) "Although the Ninth Circuit has not concluded that Rule 9(b) applies to Lanham Act claims, many district courts have applied this heightened pleading standard to claims that are grounded in fraud, such as misrepresentation claims." *EcoDisc Tech*, 711 F.Supp. 2d at 1085; *see also Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC*, 404 F. Supp. 2d 1214, 1219–20 (E.D. Cal. 2005) (finding that Rule 9(b) applied to allegations of intentional misrepresentation related to a copyright infringement claim).

Here, MGA alleges that Defendants "actually caused the false and misleading application of the word mark 'Cozy Coupe' to internet listings for the sale of the Disney Princess Preschool Carriage" in violation of the Lanham Act, and, presumably, with the intent to defraud consumers. (SAC ¶ 52.) Because these allegations are grounded in fraud, Rule 9(b) applies to the pleading of these claims.

3. *Civil Conspiracy (Counts 11 & 12)*

In determining whether to apply Rule 9(b) to a civil conspiracy claim, the Court looks to the underlying offense. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (applying Rule 9(b) to a conspiracy claim where the underlying offense

was common law and securities fraud).  As discussed further below, "civil conspiracy is not a separate and distinct cause of action under California law." *AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 947 (N.D. Cal. 2003) (citing *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997)).  Accordingly, the Court declines to extend Rule 9(b) to Counts 11 and 12 because they are not stand-alone causes of action. *Id.*  The Court will analyze Rule 9(b)'s applicability below as it pertains to the conspiracy's underlying offense.

///

///

///

**B.         Counterfeiting (Count 1)**

Dynacraft argues that MGA's trademark counterfeiting claim should be dismissed because MGA pleads a recitation of the claim, without facts supporting a plausible claim. (Mot. 7–8.)  MGA contends that it has stated a claim for trademark counterfeiting because counterfeit marks are inherently confusing and it has established there was use of a counterfeit mark. (Opp'n 6.)

Section 1114 of the Lanham Act established a cause of action for trademark counterfeiting by prohibiting the use of "any reproduction, counterfeit copy, or colorable imitation of a registered mark in connection with the sale . . . of any goods . . . [where] such use is likely to cause confusion . . . or deceive."  15 U.S.C. § 1114(1)(a).  A counterfeiting claim "requires that the mark in question be (1) a non-genuine mark identical to the registered, genuine mark of another, where (2) the genuine mark was registered for use on the same goods to which the infringer applied the mark." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 946 (9th Cir. 2011).  "Trademark infringement under 15 U.S.C. § 1114(1) also constitutes trademark counterfeiting when the infringer uses a 'counterfeit mark,' which is defined as 'a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for

sale, or distributed and that is in use . . . .'" *Partners for Health & Home, L.P. v. Seung Wee Yang*, No. CV 09–07849, 2011 WL 5387075, at *8 (C.D. Cal. Oct. 28, 2011) (citing 15 U.S.C. § 1116(d)(1)(B)(I)). In addition, a "counterfeit" mark is defined by statute as a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127; *see also UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 607 (C.D. Cal. 2017) (citation omitted). In a case involving the willful use of a counterfeit mark, a plaintiff may elect statutory damages pursuant to 15 U.S.C. § 1117(c).

Plaintiff alleges that "[u]pon information and belief, Defendants, and other third parties, have used spurious designations that are identical with or substantially indistinguishable from Plaintiffs' Trademarks on goods covered by registrations for those marks, including the use of the registered work mark 'Cozy Coupe' within internet listings for [Dynacraft's product]…." (SAC ¶ 41.) Those allegations are insufficient and conclusory. *See Ashcroft*, 556 U.S. at 678. First, MGA fails to identify in a non-conclusory manner how Dynacraft's Disney Princess Preschool Carriage is identical with or substantially indistinguishable from MGA's Design Marks. (*See* SAC ¶¶ 38–47.) In order to plead trademark counterfeiting, MGA must identify *how* Dynacraft's products are identical with or substantially indistinguishable from MGA's three Design Marks. Second, MGA makes no allegations connecting Dynacraft to the inclusion of the words "Cozy Coupe" on third-party websites listing Dynacraft's product for sale. MGA's allegation that "on information and belief, [the inclusion of 'Cozy Coupe'] was encouraged and facilitated by Defendant Dynacraft" is not enough. (SAC ¶ 41;) *Ashcroft*, 556 U.S. at 678.

For the foregoing reasons, Dynacraft's motion to dismiss MGA's trademark counterfeiting claim (Count 1) is **GRANTED with leave to amend**.

C.      **False Advertising (Counts 3 and 7)**

As stated above, MGA's false advertising claims under federal and California law are grounded in fraud and require pleading with particularity under Rule 9(b). *See*

*EcoDisc Tech.*, 711 F. Supp. 2d at 1085; *RPost Holdings, Inc. v. Trustifi Corp.*, No. CV 11-2118 PSG (SHx), 2011 WL 4802372, at *3 (C.D. Cal. Oct. 11, 2011) (citation omitted).

1. *Federal False Advertising Claim (Count 3)*

MGA claims that Dynacraft disseminated false statements of fact about MGA's products in violation of the false advertising provision of the Lanham Act. 15 U.S.C. § 1125(a)(1)(B). To establish a claim for false advertising under the Lanham Act, a plaintiff must show:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir.1997). False advertising claims require "the plaintiff to plead the 'time, place, and specific content of the false representations,' the identities of the parties to the misrepresentation, and what about the statement is claimed to be misleading." *Seoul Laser Dieboard Sys. Co. v. Serviform S.R.L.*, 957 F. Supp. 2d 1189, 1200 (S.D. Cal. 2013) (quoting *Epicor Software Corp. v. Alt. Tech. Sols., Inc.*, No. SACV 13-0448, 2013 WL 2382262, at *4 (C.D. Cal May 9, 2013)).

Here, the allegations in the SAC fall short. MGA fails to identify any false statement made by Dynacraft, much less explain why it is misleading. (*See* SAC ¶¶ 27–34, 51–53.) Rather, MGA alleges that "the consuming public has been misled," (SAC ¶ 28), and argues that "its 'Cozy Coupe' trademark has been used without authorization on internet listings for the advertisement of Dyacraft's [product]…"

(Opp'n 8.) It seems MGA wishes to connect use of the "Cozy Coupe" mark to Dynacraft through its conspiracy theory of liability, but only makes a passing reference to the fact that Dynacraft encouraged co-defendants to use the Cozy Coupe Mark, while advertising Dynacraft's Disney Princess Preschool Carriage, without providing any supporting facts. (SAC ¶ 13.) Such bare allegations fail to state a plausible claim with particularity. Accordingly, the Court **DISMISSES** this claim, with leave to amend.

    2.    *State False Advertising Claim (Count 7)*

MGA also alleges that Dynacraft violated § 17500 of the California Business and Professions Code, which prohibits making any "statement," in connection with the sale of personal property, "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." State law claims based on this theory are substantially similar to claims made under § 43(a) of the Lanham Act and are properly dismissed if the Lanham Act claims fail. *Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152–53 (9th Cir. 1996) (affirming dismissal of plaintiff's § 17200 and § 17500 claims in light of proper dismissal of the plaintiff's Lanham Act claim), *abrogated in part on other grounds by*, *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013); *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, No. CV 14–03954 DDP (MANx), 2015 WL 476287, at *2 (C.D. Cal. Feb. 5, 2014) (same). Thus, MGA's § 17500 false advertising claim fails because MGA's corresponding Lanham Act claim fails.

For these reasons, Dynacraft's motion to dismiss MGA's false advertising claims (Counts 3 and 7) is **GRANTED with leave to amend**.

**D.**    **Trademark Dilution (Counts 4 and 8)**

MGA brings a dilution claim under both federal and California state law. (SAC ¶¶ 54–58, 66–68.) Trademark dilution is analyzed the same way under both statutes. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir.1998). To prove a dilution claim, a plaintiff must demonstrate that the mark used by the alleged diluter is

identical, or nearly identical, to the protected mark. *Thane Intern., Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 905 (9th Cir.2002). A plaintiff must also show that "(1) its mark is famous; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use presents a likelihood of dilution of the distinctive value of the mark." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 874 (9th Cir.1999); *see* 15 U.S.C. § 1125(c); Cal. Bus. & Prof. Code § 14247. Dynacraft claims that MGA's dilution claims fail because MGA has not alleged sufficient facts establishing that its marks are famous. (Mot. 18.)

Under the Trademark Dilution Revision Act, four non-exclusive factors are relevant when determining whether a mark is sufficiently famous for anti-dilution protection: (1) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties; (2) the amount, volume, and geographic extent of sales of goods or services offered under the mark; (3) the extent of actual recognition of the mark; and (4) whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register. 15 U.S.C. § 1125(c)(2)(A). Moreover, the Trademark Dilution Revision Act of 2006 restricted the statute from protecting marks that are famous only in "niche" markets. *Planet Coffee Roasters, Inc. v. Dam*, No. SACV 09-00571-MLG, 2009 WL 2486457, at * 3 (C.D. Cal. Aug. 12, 2009) (citation omitted). Dilution is a cause of action "reserved for a select class of marks—those marks with such powerful consumer associations that even non-competing uses can impinge on their value." *Avery*, 89 F.3d at 875. For this reason, dilution protection extends only to those whose mark is a "household name." *Thane*, 305 F.3d at 911. As this Court has previously stated, "trademark dilution claims are restricted to truly famous marks, such as Budweiser beer, Camel cigarettes, and Barbie dolls." *Dahon N. Am., Inc. v. Hon*, No. 2:11-cv-05835-ODW (JCGx), 2012 WL 1413681, at *9 (C.D. Cal. April 24, 2012).

The Court finds that MGA has not pled sufficient facts to state a claim for trademark dilution that is "facially plausible." *Iqbal*, 556 U.S. at 678. MGA provides some allegations supporting its claim to fame: that it has been selling the Cozy Coupe since 1979; that more than 10 million Cozy Coupe vehicles have been sold worldwide to date; that it has spent millions of dollars to develop, build, and promote the Cozy Coupe; and that the Cozy Coupe is the primary representational symbol and mark for Little Tikes. (SAC ¶¶ 16–19.) Although these facts demonstrate the success and popularity of the Cozy Coupe product, MGA's allegations fall short of the high standard required for a dilution claim. *Thane*, 305 F.3d at 911. MGA does not plausibly plead that the general public of the United States is familiar with the Cozy Coupe Mark. Indeed, the fame of the Cozy Coupe Mark is incomparable to that of other household names, such as Budweiser beer. *See Dohan*, 2012 WL 1413681, at *9.

Because MGA may be able to plead facts rising to the appropriate level of notoriety, the Court **GRANTS** Dynacraft's Motion**, with leave to amend**.

E.   **Civil Conspiracy (Counts 11 and 12)**

As described by the court in *Mintel Learning Technology v. Beijing Kaidi Education*, "[c]ivil conspiracy is not a separate and distinct cause of action under California law." *Mintel*, 2007 WL 2288329, at *4 (citing *Entm't Research Grp., Inc.*, 122 F.3d at 1228). Civil conspiracy is "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its preparation." *Applied Equip. Corp v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994) ("Conspiracy is not an independent tort; it cannot create a duty or abrogate an immunity. It allows tort recovery only against a party who already owes the duty and is not immune from liability based on applicable substantive tort law principles."); *see also Micro/sys, Inc. v. DRS Techs., Inc.*, No. CV 14-3441 DMG (CWX), 2015 WL 12748631, at *3 (C.D.

1 Cal. Feb. 18, 2015) (dismissing civil conspiracy claim where Lanham Act claims failed).

MGA's response to these points of law cited by Dynacraft is that "conspiracy claims can manifestly stand on their own." (Opp'n 10 (citing *Swartz*, 476 F.3d at 765)). In *Swartz*, the Ninth Circuit addressed Rule 9(b)'s pleading requirements, as it pertains to multiple defendants allegedly involved in a conspiracy based on fraud. *Swartz*, 476 F.3d at 764–65. After reversing the district court's denial of leave to amend on the fraud claim, the Ninth Circuit also reversed the district court's denial of leave to amend an accompanying civil conspiracy claim based on the fraud. *Id.* at 765 ("As stated in the previous section, we agree that Swartz failed to sufficiently detail the roles played by the defendants in the alleged conspiracy to defraud. However, we repeat that the defects may be curable and reverse the denial of leave to amend this claim."). As argued by Dynacraft, the Ninth Circuit did not specifically rule on whether a civil conspiracy claim in California may stand alone as a cause of action. *See id.* Instead, it merely held that where the plaintiff should have been granted leave to amend the claim that was the object of the conspiracy (fraud), the plaintiff should also be granted leave to amend the allegations regarding the civil conspiracy to commit fraud. *Id.* Accordingly, the Court cannot use *Swartz* as a basis to allow MGA's civil conspiracy claims to stand alone, where so many other actions interpreting California law hold otherwise. *Applied Equip. Corp*, 7 Cal. 4th at 510–11; *Micro/sys, Inc.*, 2015 WL 12748631, at *3; *Mintel*, 2007 WL 2288329, at *4.

Furthermore, MGA's allegations of conspiracy do not sufficiently provide the details of the conspiracy. MGA's conspiracy claims are all made on "information and belief" without providing any factual basis for those beliefs or are merely conclusory. (*See, e.g.*, SAC ¶¶ 28, 30–32, 77–86.) Indeed, MGA concedes that it "does not have personal knowledge of the agreements made between Dynacraft, on the one hand, and Walmart, ToyRUs [sic] and/or the Ebay Defendants, on the other." (Opp'n 13.) These allegations are not enough under Rule 8 or 9(b). Accordingly, the Court

**DISMISSES** MGA's conspiracy claims (Count 11 & 12), with leave to amend. While MGA may not bring these claims alone, it may incorporate allegations of conspiracy as part of its other causes of action. *See Mintel*, 2007 WL 2288329, at *4 (citing *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 947–48 (N.D. Cal. 2003)) (dismissing cause of action for civil conspiracy, and holding "the civil conspiracy allegations must be separately pled as to each of the substantive causes of action").

**F.      Counts against the Ebay and Doe Defendants**

MGA has included four Ebay Defendants, which it characterizes by identifying URLs, and ten Doe Defendants in its SAC. (SAC ¶¶ 5–9.) Dynacraft argues that all counts against the Ebay and Doe Defendants should be dismissed because MGA does not provide sufficiently particular details about these defendants and their actions. (Mot. 22–23.) MGA contends the opposite. (Opp'n 15–16.)

As a general rule, the use of fictitiously named defendants is disfavored in federal court. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980). Unidentifiable Doe defendants may be dismissed from the complaint. *See id.*; *McConnell v. Marine Eng'rs Beneficial Assoc. Benefit Plans, Dist. 1–Pac. Coast Dist.*, 526 F. Supp. 770, 774 (N.D. Cal. 1981). "While a plaintiff may sue up to ten unidentified Doe defendants (*see* Local Rule 19-1), it is required to make individualized allegations about each such Doe defendants and may not merely name an indistinguishable group of Doe defendants." *Rhue v. Signet Domain LLC*, No. C 13-8664 DMG (JC), 2015 WL 4111701, at *5 (C.D. Cal. Jul. 8, 2015). The plaintiff must, at least, identify "each unidentified defendant by a separate fictitious name (*i.e.*, "John Doe No. 1," "John Doe No. 2," etc.) *and* allege facts that demonstrate a causal link between" each unidentified defendant and the alleged offense. *Id.* (granting leave to amend with instructions to "allege with sufficient specificity what each defendant did and how each defendant's conduct assertedly violated plaintiff's . . . rights.").

Here, MGA identifies the four Ebay Defendants by the only identification currently available—their Ebay store names and URLs—and individually alleges that each Ebay defendant "offers for sale and/or sells the Infringing Products." (SAC ¶¶ 5–8.) Thus, MGA sufficiently pleads individualized allegations against the four Ebay Defendants. However, MGA must identify these defendants quickly using the discovery vehicles it will have in its arsenal after the parties' Rule 26 conference. To the extent MGA fails to amend its pleadings to identify the proper defendants before the deadline imposed by the Court for adding parties and/or amending the pleadings, the Court will dismiss the four Ebay Defendants. Accordingly, the Court **DENIES** Dynacraft's motion to dismiss the Ebay Defendants, with the proviso that they will be **automatically dismissed** if MGA fails to amend its SAC with the proper defendants before the deadline imposed in the Court's forthcoming scheduling and case management order.

MGA provides hardly any details regarding the remaining Doe Defendants and their alleged actions. (SAC ¶¶ 9–10.) MGA does not individualize allegations against each Doe Defendant, but rather improperly groups them together indistinguishably. (*Id.*) Accordingly, the Court **DISMISSES** the remaining Doe Defendants. To the extent MGA identifies additional defendants, it may move to amend its pleadings before the deadline that the Court will impose.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Dynacraft's Motion to Dismiss, **with leave to amend**. (ECF No. 35.) To the extent MGA wishes to amend its SAC, it must do so before **June 20, 2018,** and only to the extent permitted by this Order. Defendants' response is due according to the Federal Rules of Civil Procedure. Plaintiff must also lodge a redlined copy of any amended complaint for the Court and Defendant's review.

**IT IS SO ORDERED.**

May 30, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**