UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation and THE LITTLE TIKES COMPANY, an Ohio corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DYNACRAFT BSC, INC., a California corporation, FRESHDEALS2112; HONEYDUKESSWEETSHOP; THE_HOUSE; THEROYALFLUSH*,<br><br>Defendants. | Case No. 2:17-cv-08222-ODW-KS<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER**<br><br>DISCOVERY MATTER<br><br>Honorable Otis D. Wright II<br><br>Pretrial Conference: August 26, 2019<br><br>Jury Trial: September 24, 2019 |

1

1. INTRODUCTION

1.1 <u>Purposes and Limitations</u>:  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.2 <u>Good Cause Statement</u>:  This action is likely to involve trade secrets, customer, pricing lists, and other valuable research, development, commercial, financial, technical, or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable

necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: this pending federal law suit and any appeals therefrom.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Counsel of Record in this Action (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not a current officer, director, or employee of a Party.

2.8 <u>House Counsel of Record</u>: attorneys who are employees of a party to this Action and have appeared in this Action on behalf of that party. House Counsel of Record does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, video recording, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Order does not govern the use of Protected Material at any hearing or trial. Any use of Protected Material at any hearing or trial shall be governed by the orders of the trial judge.

4. <u>DURATION.</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. There shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Non-confidential Information</u>. Protected Material shall not include information that:

(a) is in the public domain at the time of disclosure, as evidenced by a written document;

(b) becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

(c) the Receiving Party can show by written document was in its rightful and lawful possession at the time of disclosure and not subject to restriction as to public disclosure; or

(d) lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party and the public.

5.3 <u>Protected Material</u>. A Party or Non-Party may designate as Protected Material only such information that the Party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Protected Material. Information and documents that may be designated as Protected Material include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties. Correspondence and other communications between the parties or with Non-Parties may be designated as Protected if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

5.4 ATTORNEYS' EYES ONLY. The designation "ATTORNEYS' EYES ONLY" shall be reserved for information or documents that are believed to be unknown to the opposing Party or Parties, or any of the employees of a corporate

Party.  For purposes of this order, so-designated information includes, but is not limited to, product formula information, product design information, non-public financial information, pricing information, customer identification data, business strategy information, and certain study methodologies.  Non-Parties may also use this designation for similar information or documents.

      5.5    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.5(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated.  Such designation may be made at any time.  If two more copies of the same Discovery Material are produced with or given inconsistent confidentiality designations, then the most restrictive designation shall apply to all such copies.

      Designation in conformity with this Order requires:

          (a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter "Confidentiality Legend"), as appropriate, (1) to each page of a document containing Protected Material that is produced in paper format; (2) to each digitally-rendered page of scanned paper documents (in TIFF, PDF, or other electronic image format); (3) to each digitally-rendered page of processed electronically stored information (in TIFF, PDF, or other electronic image format); (4) to each digitally-rendered slip sheet image identifying a document as being produced in native electronically stored information format; and (5) in the "Confidentiality Designation" metadata field of the corresponding load file for any and all documents produced in electronic format.  The failure to comply with all of the applicable Designations described above as to any information in documentary form will not be a waiver of any claim to confidentiality, so long as the Producing Party reasonably attempted to comply with this paragraph.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality Legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material to be protected on the record, before the close of the deposition or within ten (10) days of the deposition. The Parties shall treat all deposition testimony as "ATTORNEYS' EYES ONLY" until ten (10) days after the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Confidentiality Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.6 <u>Inadvertent Failures to Designate</u>. Documents produced without designation or with an improper designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" later may be designated or re-designated properly and shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

information as so designated from the date written notice of the designation is provided to the Receiving Party.

If a Receiving Party learns that it improperly disclosed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, the Receiving Party shall immediately upon learning of such disclosure (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

5.7 <u>Consent to Disclosure and Use in Examination</u>. Nothing in this order shall prevent disclosure beyond the terms of this order if each Party designating the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any Counsel of Record from utilizing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, or who is serving as an entity-designee under Rule 30(b)(6), irrespective of which Party produced such information.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose

(e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) House Counsel of Record of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that House Counsel of Record shall not, during the pendency of this Action and for one year after Final Disposition, participate in any meetings or decisions relating to the pricing, marketing, or manufacture of Plaintiffs' Cozy Coupe products;

(c) Subject to compliance with Section 7.4 of this Order, Experts (as defined in this Order) of the Receiving Party, and their staff, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), except that no Protected Material shall be permitted to remain in the possession of any mock juror;

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(h) any other individuals who are mutually agreed upon in writing by the parties to this action, or who are approved by the Court upon motion by any Party to this action.

7.3 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the persons identified in subsection 7.2;

(b) the Party, if a natural person; and

(c) if the Party is an entity, employees of the Party who have a need to know relevant to, or who are actively involved in, the prosecution or defenses of this case, so long as each such employee has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A).

7.4 Disclosure to Experts. At least 5 business days prior to a Receiving Party disclosing Protected Material to any Expert (as defined herein), the Party

seeking to disclose such information shall deliver (by email) to all other Parties a copy of the completed and signed Acknowledgement and Agreement to be Bound (Exhibit A) and a curriculum vitae, resume, or a similar disclosure of the Expert, which shall include the expert's (i) name; (ii) current job title and description; (iii) educational background; (iv) prior employers for the previous 4 years; (v) publications authored in the preceding 4 years; (vii) expert engagements within the preceding 4 years and any consulting engagements with companies in the toy industry within the last ten years; and (viii) trial and deposition testimony given in the preceding 4 years. Within 5 business days following delivery of such disclosure, the Producing Party may object to that person in writing, stating with particularity the basis for the objection. In the absence of an objection within that period, the disclosed expert or consultant shall be deemed approved under this Protective Order. Within 5 business days following delivery of a timely, written objection, the Parties shall meet-and-confer and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have 5 business days from the date of the final meet-and-confer to seek relief from the Court. If such relief is not sought within that time, the objection shall be deemed withdrawn. No disclosure of Protected Material shall be made pending resolution or withdrawal of any objection or motion pursuant to this paragraph.

      7.5    <u>Disclosure at Depositions</u>. Counsel for a Party or a Non-Party witness shall have the right to exclude from depositions any person who is not authorized to receive "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony when "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information is being used or discussed. The failure of such persons to comply with a request to leave the deposition may constitute contempt of this Order and shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question and terminate the deposition.

7.6    Manner of Use in Proceedings.  In the event a Party wishes to use any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this Action, the Party shall do one of the following: (1) with the consent of the Producing Party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

7.7    Advice to Clients.  This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying the attorney's evaluation in a general way of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information produced by another Party if such disclosure would be contrary to the terms of this Protective Order.

7.8    Duty to Ensure Compliance.  Any Receiving Party who discloses "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to another person permitted to receive such information shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. MISCELLANEOUS

11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  Further, Counsel are not required to delete information that may reside on their respective electronic disaster recovery systems, which are over-written in the normal course of business.  However, Counsel agree that no Protected Material shall be retrieved from their respective electronic disaster recovery systems after the conclusion of the above-captioned matter.

13. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November 6, 2018

                                                    _____
                                                    KAREN L. STEVENSON
                                        UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *MGA Entertainment Inc. et al. v. Dynacraft BSC, Inc. et al.*, Case No. 2:17-cv-08222-ODW-KS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____