# United States District Court
# Central District of California

| | |
|---|---|
| MGA ENTERTAINMENT, INC; THE LITTLE TIKES COMPANY., <br><br>Plaintiffs, <br><br>v. <br><br>DYNACRAFT BSC, INC., et al. <br><br>Defendants. | Case No. 2:17-cv-08222-ODW (KSx) <br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [109] and** <br><br>**DENYING EX PARTE APPLICATION TO STAY [91]** |

## I. INTRODUCTION

Presently before the Court is Defendant Dynacraft's ("Dynacraft") Motion for Reconsideration of the Court's Order striking Dynacraft's Expert Report ("Motion"). (Mot. for Recons. ("Mot."), ECF No. 109.) For reasons that follow, Dynacraft's Motion is **DENIED**.[1]

## II. FACTUAL BACKGROUND

The Court addressed the factual allegations and procedural history relevant to this case in its Minute Order granting Plaintiffs MGA Entertainment, Inc.'s and The Little Tikes Company's (collectively "MGA") Motion to Strike Late-Served Expert

---

[1] After considering the papers filed in connection with this Motion, the Court deemed this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Report, and incorporates that discussion here by reference. (*See* Min. Order, ECF No. 108.) On April 30, 2019, the Court granted MGA's Motion to Strike Dynacraft's Late-Served Expert Report (Min. Order 4–5.), and on May 3, 2019, the Court granted Dynacraft's Motion to Strike MGA's Late-Served Expert Report (Min. Order 4, ECF No. 112.) On May 3, 2019, Dynacraft filed the instant Motion for Reconsideration of only the Court's Order striking Dynacraft's Expert Report, pursuant to Local Rule 7-18. (Mot.)

### III. LEGAL STANDARD

A motion for reconsideration under Civil Local Rule 7-18 may be made on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. Civ. L.R. 7-18; *see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013). Consistent with Local Rule 7-18, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007). "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. Civ. L.R. 7-18; *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995).

## IV. DISCUSSION

Dynacraft brings this Motion pursuant to Local Rule 7-18(c), asserting that the Court failed to consider material facts. (*See* Mot.) Dynacraft asserts two arguments: first, the Court failed to account for the Parties' July 25, 2018 Stipulation ("Stipulation") (ECF No. 58) and second, the Court failed to account for Dynacraft's justified reliance on the parties' Rule 26(f) agreement. (Mot. 5.) The Court finds both arguments unpersuasive and fail to satisfy the taxing burden of Local Rule 7-18.

### A. Failure to Account for the Parties' July 25, 2018 Stipulation

Dynacraft asserts that this Court failed to account for the parties' Stipulation, specifically the Court did not reference the phrase "issue for which party bears the burden of proof." (Mot. 2.) Dynacraft contends that its expert reports are rebuttal reports which fell under the March 18, 2019 rebuttal deadline, rather than the January 18, 2019 deadline for opening expert reports. Dynacraft contends this means that their expert report should not have been stricken as untimely. (Mot. 4–5.)

The Court disagrees. To begin, these arguments merely repeat Dynacraft's original arguments opposing MGA's motion to strike. (*See* Def.'s Opp'n 3–4, ECF No. 93.) Further, the Court considered and rejected Dynacraft's arguments. (*See* Min. Order 4–5.) The Court considered the Parties' Stipulation, including the noted language. The Court concluded that Dynacraft's expert report did not serve as a rebuttal report, "[f]inding that the expert witness testimony of Bruce Isaacson does not rebut any expert from MGA, [and thus] is not properly considered rebuttal evidence." (Min. Order 4–5.) Thus, the Court found the report untimely and subject to exclusion.

Accordingly, Dynacraft's first argument fails. *See* C.D. Cal. Civ. L.R. 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.").

### B. Failure to Account for Dynacraft's Justified Reliance

Dynacraft's substantial justification argument also fails because it constitutes an impermissible new offering because it was never raised. A district court does not

abuse its discretion by disregarding arguments made for the first time in a motion for reconsideration. *Rosenfeld*, 57 F.3d at 811. "A mere attempt by the moving party to reargue its position by directing [the] Court to additional case law and arguments which it clearly could have made earlier, but did not is not the purpose of motions for reconsideration under Local Rule 7-18." *McKinsty v. Swift Transp. Co., of Ariz.*, No. ED 15-cv-01317-VAP-SP, 2017 WL 8943524, at *2 (C.D. Cal. Sept. 18, 2017).

Dynacraft concedes that its opposition omits any argument that its failure to file an initial expert witness report was harmless or "substantially justified." (Mot. 5) Yet, Dynacraft points to the record to demonstrate where it substantially relied on the Stipulation. (Mot. 5.) Accordingly, Dynacraft confirms that the argument was available, and it failed to raise it in their opposition. Nor does Dynacraft explain why it failed to argue "substantial justification" in its opposition. Local Rule 7-18 is not meant to serve as a "do-over." *See In re 5-Hour Energy Mktg. & Sales Practices Litig.*, No. ML 13-2438 PSG (PLAx), 2017 WL 4772567, at *4 (C.D. Cal. Aug. 11, 2017) ("motions for reconsideration are not intended to afford the movant an opportunity for a do-over."). Accordingly, this argument fails as well and Dynacraft is precluded from raising it now.

## V. CONCLUSION

For the reasons discussed above, Dynacraft's Motion for Reconsideration (ECF No. 109) is **DENIED**. Furthermore, MGA's Ex Parte Application (ECF No. 91) to stay pending ruling on Motion to Strike is **DENIED** as moot.

December 11, 2019

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**